IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

PATRICK PRYCE,

        Plaintiff,

v.                                                   CIV 05-1021 MCA/KBM

ALLEN COOPER, Warden,
Cibola County Correctional Center,
et al.,

        Defendants.

## PROPOSED FINDINGS RECOMMENDING THAT DEFENDANTS' MOTION TO DISMISS FOR FAILURE TO EXHAUST BE DENIED WITHOUT PREJUDICE

This matter is before the Court on Defendants' motion to dismiss the entire case under the Tenth Circuit's "total exhaustion rule" announced in *Ross v. County of Bernalillo,* 365 F.3d 1181, 1188-89 (10th Cir. 2004), because Plaintiff failed to exhaust certain claims as required by 42 U.S.C. § 1997e(a). *See Doc. 40* at 1; *Doc. 43* at 9. I disagree and recommend that the motion be denied at this time.[1]

The Tenth Circuit recently issued a detailed opinion interpreting *Ross* where "prison regulations are silent" about the "kind of information needed in a grievance." *Kikumura v. Osage,* ___ F.3d ___, ___, 2006 WL 2578805 at *10 (10th Cir. 9/8/06). The Cibola County Corrections

---

[1] To the extent that Defendants' objections to Plaintiff's motions to amend are based on the same total exhaustion rationale, the analysis here is equally applicable there. *See Doc. 37.* However, I continue to hold Plaintiffs' motions to amend under advisement, and they will be addressed after briefing on the *Martinez* Report is completed. *See Doc. 33* at 6-7 (taking motions under advisement); *Doc. 55* (most recent order setting briefing schedule).

Center ("CCCC") grievance procedures at issue here fall into that category.[2] While the procedures define the type of matters that are grievable, the forms to be used, and the time limitations, they do not address the content of the grievance.[3]

The *Kikumura* panel rejected the notion that a grievance must include the name or a description of the wrongdoer in order to qualify as exhausted. *Kikumura,* 2006 WL 2578805 at *10. Rather, "a grievance satisfies § 1997e)(a)'s exhaustion requirement so long as it provides prison officials with enough information to investigate and address the inmate's complaint internally." *Id.* at *13.

*Kikumura* also rejected the notion that the "total exhaustion" rules always result in "mixed" complaints being dismissed in their entirety for failure to exhaust. Instead, using the habeas analogy, a complaint that contains procedurally-defaulted but unexhausted claims are to be "treated as exhausted for purposes of the total exhaustion rule, just as they are for habeas." *Id.* at *17. An "action containing both exhausted claims and procedurally barred claims does not fall within the scope of the total exhaustion rule." *Id.* at *16.

---

[2] Two different sets of rules applied over the course of Plaintiff's grievances, but they are identical in pertinent part for the areas discussed above. Also, Plaintiff is a federal inmate at the state facility and, as such, the grievance procedures are potentially more complicated and lengthy. For any grievance, however, he must begin by utilize each of the three steps of the CCCC internal procedures. His failure to exhaust the CCCC steps are at issue, not the BOP procedures. *See Doc. 43* at 5-8; *id.,* Exh. A, § 14-5.5(I)(4)(b). For a description of steps necessary to exhaust BOP procedures, see *Kikumura,* 2006 WL 2578805 at *9.

[3] The three steps necessary to exhaust CCCC's procedures are: informal resolution request, formal grievance, and formal grievance appeal. The short time limits on filing a formal grievance do not factor in the time spent in the informal resolution stage, and the inmate must file the grievance within seven days of the incident. The rules are designed to completely resolve the grievances quickly. Nevertheless, the rules also call for investigations of all grievances and allow extensions to conduct a complete one. Furthermore, the rules only permit two nonemergency grievances to be actively pending at any time. Thus, multiple grievances are put held in "suspended status" until the backlog clears. *See Doc. 43,* Exh. A, §§ 14-5.5(A)-(L).

Furthermore, the inmate in *Kikumura* submitted his unexhausted claims to the prison after he filed suit and while his federal action was still pending. Here, Pryce still has the opportunity to exhaust his allegedly unexhausted claims, and Defendants do not indicate whether he has filed such grievances after the initiation of this action.

Wherefore,

**IT IS HEREBY RECOMMENDED** that Defendants' motion to dismiss *(Doc. 40)* be denied at this time without prejudice.

**IT IS FURTHER RECOMMENDED** that, if they wish, Defendants and Plaintiff rebrief the issues using the *Kikumura* standards under an expedited briefing schedule that will ripen at the same time the *Martinez* Report briefing (December 15, 2006).

> **THE PARTIES ARE FURTHER NOTIFIED THAT WITHIN 10 DAYS OF SERVICE** of a copy of these Proposed Findings and Recommended Disposition they may file written objections with the Clerk of the District Court pursuant to 28 U.S.C. § 636(b)(1). **A party must file any objections with the Clerk of the District Court within the ten-day period if that party wants to have appellate review of the proposed findings and recommended disposition. If no objections are filed, no appellate review will be allowed.**

_____
UNITED STATES MAGISTRATE JUDGE

3