IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

PATRICK PRYCE,

        Plaintiff,

v.                                               CIV 05-1021 MCA/KBM

ALLEN COOPER, Warden,
Cibola County Correctional Center,
et al.,

        Defendants.

# **PROPOSED FINDINGS AND RECOMMENDED DISPOSITION**

On October 16, 2006, Plaintiff filed a "notice of retaliation," which I construed on October 17th as a motion for a temporary restraining order. *See Doc. 60.* In the document Plaintiff states in full:

> Please help me CCA staff are kill me I am in the SHU with no food ore hart medication. I am being retaliation for takeing them to court. I need help. Patrick Pryce. Please send help.

*Doc. 59.* I ordered Defendants to respond by noon today, and I authorized fax filing. I have filed that response, though it might not be docketed and scanned by the time I file these proposed findings. Having reviewed the response with its detailed information and authenticated exhibits, I recommend that Plaintiff's motion be denied and that no sort of injunctive relief issue.

As Judge Brack recently noted:

> As a *pro se* litigant, Plaintiff is entitled to a liberal reading of her pleadings and her submissions are held to a less stringent standard than applied to those drafted by a lawyer. *Gillihan v. Shillinger*, 872 F.2d 935, 938 (10th Cir. 1989). However, the

> Court may not assume the role of advocate for a *pro se* litigant, and need not accept unsupported conclusory allegations as true. *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991). A pro se litigant must follow the same rules of procedure that govern other litigants. *Oklahoma Gold & Federated Numismatics, Inc. v. Blodgett*, 24 F.3d 136, 139 (10th Cir. 1994).
>
> In order to obtain a temporary restraining order under Rule 65(b) of the Federal Rules of Civil Procedure, it must clearly appear from specific facts shown by affidavit or verified complaint that immediate and irreparable injury, loss, or damage will result before the adverse party may be heard in opposition, and the applicant certifies to the court in writing efforts, if any, that have been made to give notice and the reasons supporting the claim that notice should not be required. *See* FED. R. CIV. P. 65(b). . . .
>
> In order to merit a preliminary injunction under Rule 65(a), a moving party must satisfy a four-part test. *Schrier v. Univ. of Colo.*, 427 F.3d 1253, 1258 (10th Cir. 2005). The party must establish (1) she will suffer irreparable injury unless the injunction issues, (2) the threatened injury outweighs any damage the proposed injunction may cause the opposing party, (3) if issued, the injunction would not be adverse to the public interest, and (4) she has a substantial likelihood of success on the merits. *Id.*

*Underwood v. United States,* CIV 06-824 RB/LFG (Doc. 5, filed 10/5/05).

A liberal reading of Plaintiff's motion reveals that he is requesting that the Court to order him released from administrative segregation to the general population or, at the very least, that the Court order Defendants to provide him food and medicine while he is housed in administrative segregation. It should be noted, however, that Pryce has failed to comply with the requirements of FED. R. CIV. P. 65(b), especially given the conclusory allegations and lack of notice to Defendants.

On the other hand, Defendants' response and its submitted exhibits demonstrate that Pryce has failed to establish any likelihood of irreparable injury in the absence of injunctive relief. The

materials attached to the Response confirm that Pryce was placed in administrative segregation for his own protection. In a four-page grievance dated October 5, 2006, Pryce complained that he was not receiving his heart medication and that he feared for his life from a prison staff member. Pryce will not be returned to the general population until the allegations are investigated by prison officials and found to be unsubstantiated.

The defendants' brief and supporting affidavit do not identify the staff member who allegedly threatened Pryce's life. *See Response* at 2-4; *id.,* Exh. B. The attached exhibits, however, show that Pryce raised allegations against a Lt. Narramore as to events in April 2006. Pryce asserted that while being escorted to the administrative segregation unit, Narramore "took my mattress that I need it to support my back injure [and] he came to my cell every day and harass me." *Response,* Exh. A at 3-4. The grievance also states that, in the course of sorting out the heart medication issues at the medical unit, Narramore "came in like he wonted to hurt some one." *Id.,* Exh. E.

Given Pryce's expressions of fear for his life, the prison moved quickly to place Pryce in segregation, doing so the following Tuesday morning after the holiday weekend. *See id.,* Exh. C (placement 10/10/06 at "1010 hrs"). This record shows that it was **B. Narramore** who signed the authorization for Pryce's placement in administrative segregation pending completion of the investigation. *Id.,* Exh C; *see also id.,* Exh. B. Defendants' materials indicate that Narramore is an Assistant Shift Supervisor, but not where precisely he works. *See id.* Plaintiff's October grievance states that Narramore is "the Lt. in charge in special housing," the very place where Pryce is now housed and seeking release into general population. *Id.,* Exh. A at 3.

Thus, although there is no support for his assertion that he is being denied proper food or

medication, these observations may help to explain why Pryce feels that retaliation is taking place and his obstreperous behavior during his stay at the special housing unit. *See id.,* Exhs. G-L.

There is no indication, however, that Officer Narramore has any contact with Pryce during this particular stay in segregation. Indeed, shortly after he was placed there, Pryce notified prison officials that he was only afraid on that particular day he filed the grievance, and is not generally afraid for his life. *See id.,* Exhs. E-F.

Since Pryce did not comply with FED. R. CIV. P. 65(b) and none of the four factors weigh in favor of issuing a preliminary injunction, I recommend that no injunctive relief issue. The record shows prison officials have taken his complaint seriously, moved quickly to protect him, and are in the process of investigating. It has only been two weeks since Pryce made his allegation, and I am confident that the prison will complete its investigation and resolve the matter quickly.

As to Defendants' request for sanctions based upon Pryce's baseless accusations that he is being denied food and his medications, I take the request under advisement. I will address that issue in my proposed findings following receipt of the *Martinez* Report.

Wherefore,

**IT IS HEREBY RECOMMENDED** that Plaintiff's motion for a temporary restraining order *(Doc. 59)* be denied.

**THE PARTIES ARE FURTHER NOTIFIED THAT WITHIN 10 DAYS OF SERVICE** of a copy of these Proposed Findings and Recommended Disposition they may file written objections with the Clerk of the District Court pursuant to 28 U.S.C. § 636 (b)(1). **A party must file any objections with the Clerk of the District Court within the ten day**

**period if that party wants to have appellate review of the proposed findings and recommended disposition. If no objections are filed, no appellate review will be allowed.**

_____
UNITED STATES MAGISTRATE JUDGE